```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ROBERT DEROUEN                               CIVIL ACTION

VERSUS                                       NO: 07-5905

STATE FARM FIRE AND CASUALTY                 SECTION: "J" (1)
COMPANY

## ORDER AND REASONS

Before the Court is plaintiff's **Motion to Remand for Lack of Jurisdictional Amount (Rec Doc. 39)**. This motion, which is opposed, is set for hearing on October 15, 2008 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that plaintiff's motion should be denied.

## Background Facts

Plaintiff's property located at 312 St. Jean Baptist Street in Chalmette, Louisiana was damaged as a result of Hurricane Katrina. Plaintiff originally filed suit against State Farm Fire and Casualty Company ("State Farm"), its homeowner's policy insurer, in the 34th Judicial District Court for the Parish of

St. Bernard on August 28, 2007.  On September 24, 2007 defendant timely filed a Notice of Removal.  In filing suit in state court, plaintiff claimed in his petition that the property was a total loss and sought the entire remaining coverage limits, which State Farm set in its Notice of Removal at $169,279.16.  Additionally, plaintiff sought penalties in his original complaint.  At the time, removal was not challenged by plaintiff and the case has proceeded towards trial in this Court.  A pretrial conference has already been held at which time plaintiff's counsel stated his intention to file this motion.  Trial is scheduled for Tuesday, October 14, 2008.

## The Parties' Arguments

Plaintiff now argues that at the time of removal the minimum jurisdictional amount did not exist.  Plaintiff asserts that there is no way that he would be able to recover more than $75,000 including penalties and attorneys' fees.  In support of this proposition plaintiff has filed a binding stipulation stating that he will not recover more than $75,000.

Defendant opposes the motion and argues that based on plaintiff's state court petition there is $169,279.16 in dispute in addition to possible penalties and attorneys' fees.  Defendant further asserts that when, as here, the amount in controversy is clear at the time of removal on the face of the petition, then a

post-removal binding stipulation cannot deprive the court of jurisdiction.

## Discussion

Generally, a defendant may remove a civil action filed in state court if a federal court would have had original jurisdiction. See 28 U.S.C. § 1441(a). Original diversity jurisdiction is appropriate where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant bears the burden of proving by a preponderance of the evidence that jurisdiction exists. De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir.1995). The jurisdictional facts supporting removal are examined as of the time of removal. Gebbia v. Walmart Stores, Inc., 233 F.2d 880, 883 (5th Cir.2000). When the amount of damages is not specified in the petition, a defendant can rely on the face of the complaint if it is apparent that the amount in controversy is enough. De Aguilar, 47 F.3d at 1412. Alternatively, a defendant can rely on summary judgment type evidence of facts in controversy that establish the jurisdictional amount. Id. After a defendant has met its burden, a plaintiff must prove to a legal certainty that his recovery will not exceed the jurisdictional amount to a obtain a remand. Id. The removal statutes should be strictly construed in favor of remand. Manguno v. Prudential

Property and Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir.2002).

Plaintiff seeks to remand this case for lack of subject matter jurisdiction.  Plaintiff is a citizen of Louisiana and defendant is an insurer organized under the laws of Illinois.  Citizenship of the parties is not in dispute, the only issue on this motion for remand is whether the amount in controversy at the time of removal met or exceeded $75,000.

When resolving a motion to remand, federal courts look at jurisdictional facts as they existed "at the time the case was removed."  Manguno, 276 F.3d at 723.  Once the district court's jurisdiction is established, subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction.  St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 289-90, (1938).  Additionally, once removal jurisdiction has attached, a subsequent amendment of the complaint reducing the amount in controversy to less than the required amount cannot divest jurisdiction.  Allen, 63 F.3d at 1336.  Post removal affidavits may only be considered if the basis for jurisdiction at the time of removal is ambiguous and then only to determine the amount in controversy at the time of removal.  Gebbia, 233 F.3d at 883 (5th Cir. 2000).  If it is facially apparent at the time of removal that the amount in controversy exceeds $75,000, post-removal affidavits, stipulations and amendments reducing the amount will

4

not deprive the district court of jurisdiction. Id. (citing St. Paul Mercury, 303 U.S. at 292; Allen, 63 F.3d at 1336).

The present action was filed by plaintiff on August 23, 2007 in the 34th Judicial District Court for the Parish of St. Bernard. It was timely removed to the Eastern District of Louisiana on September 25, 2007. In his original petition, plaintiff sought the total amount of his homeowner's policy under Louisiana's Valued Policy Law, LSA-R.S. 22:695, for property damage, damage to all his personal property and loss of use. Plaintiff also asserted claims for penalties and attorney's fees under LSA-R.S. 22:658 and 22:1220.

At the time of removal, defendant provided the court with the following information concerning plaintiff's policy: Homeowner's Policy with limits of $103,314 for dwelling coverage; $10,331 for dwelling extension coverage; $77,986 for contents coverage; and actual loss sustained by plaintiff for Prohibited Use. At the time of removal, defendant had already paid $22,351.84 to the plaintiff, leaving $169,279.16 remaining on the policy. Because plaintiff was claiming the full policy limits this was the amount in controversy. Additionally, four months before filing this motion to remand, plaintiff stated in his answers to Interrogatories that he believed defendant still owed him $25,000 under the dwelling coverage, $300,000 for contents, and $55,000 for loss of use.

The amount in controversy was not ambiguous at the time of removal.  As a result, a post-removal stipulation, especially one mere weeks before trial, cannot serve to deprive this Court of diversity jurisdiction.  See <u>Gebbia</u>, 233 F.3d at 883 (citing <u>St. Paul Mercury</u>, 303 U.S. at 292; <u>Allen</u>, 63 F.3d at 1336).  In addition, the stipulation provided by the plaintiff does not even address his claims for penalties and attorneys' fees.  Accordingly,

**IT IS ORDERED** that Plaintiff's **Motion to Remand for Lack of Jurisdictional Amount (Rec Doc. 39)** is hereby **DENIED**.

New Orleans, Louisiana, this 7th day of October, 2008.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE